Filed 11/7/14  P. v. James CA1/3
Posted 11/7/14 as A140460; reposted under correct docket number, no change to text

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>SHAZZREEA JAMES,<br><br>      Defendant and Appellant. | A140463<br><br>(Solano County<br>Super. Ct. No. FCR290879) |

Defendant appeals her first degree burglary conviction. Her attorney has asked this court for an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was informed of her right to file a supplemental brief, which she has not done. Upon independent review of the record, we conclude no arguable issues are presented for review and affirm the judgment.

### Background

Defendant was charged with one felony count of first degree burglary with a non-accomplice present. (Pen. Code, § 459.) Prior to trial, she moved pursuant to Penal Code section 1538.5, subdivision (f) to suppress evidence, including wire cutters, found in her possession at the time of her arrest. Following a hearing her motion was denied.

During voir dire, defendant made two *Batson*/*Wheeler*[1] motions. In denying both motions, the court found that defendant had not made a prima facie showing of

---

[1] *Batson v. Kentucky* (1986) 476 U.S. 79 and *People v. Wheeler* (1978) 22 Cal.3d 258.

1

discriminatory exclusion and that, in any event, the prosecutor's reasonable explanations for excluding the potential jurors were race neutral and genuine.

At trial, the victim testified that he heard a noise downstairs in his home and when he went to investigate he discovered defendant in his living room. He pointed his gun at her and ordered her to get on the floor while he dialed 911. The victim allowed defendant to leave the house after she told him that the victim's niece was waiting outside and that it was his niece that told her to come into the house. The victim followed defendant outside but did not see his niece. When defendant began to run, the victim followed her until he heard police sirens. Shortly thereafter, officers located and arrested defendant. In response to police questioning, defendant acknowledged having been in the victim's house but refused to explain why she was there, claiming that she did not want to get anyone else in trouble. In the recording of the 9-1-1 call that was played for the jury, defendant can be heard saying "Please don't shoot me. Your niece, your niece told me to come in here" and she "told me to come here. She's right here, she's right out there."

The jury found defendant guilty as charged. Prior to sentencing, defendant filed a motion for a new trial based on the alleged misconduct of Juror No. 2. The motion alleged that Juror No. 2 failed to indicate on his questionnaire and in response to questioning during voir dire that he had been the defendant in a prior domestic violence case and that a warrant had been issued for his arrest in another county. In opposition to the motion, the prosecution submitted the juror's declaration in which he explained that "after my success[ful] completion of the deferred entry of judgment, the case was expunged and was treated as if it never happened." He also claimed that he did not bring up his prior criminal case with the other jurors. The trial court denied the motion finding that there was no "ill intent or misconduct" by the prospective juror and that even if there was misconduct it was not prejudicial. Defendant was sentenced to four years in state prison. Defendant timely filed a notice of appeal.

## Discussion

Pursuant to *Anders v. California* (1967) 386 U.S. 738, 744, appellate counsel has identified the following possible, but not arguable, issues to assist us in conducting our

2

*Wende* review: 1. "Was the appellant prejudiced by Juror No. 2's misconduct where Juror No. 2 made materially false statements on the juror questionnaire and during voir dire and Juror No. 2 was selected to be the jury foreperson?" 2. "Was the appellant, who is African-American, prejudiced when the prosecutor used two of his six peremptory challenges to exclude jurors that were persons of color?"

We find no prejudice with respect to Juror No. 2's failure to reveal his prior experiences with the criminal justice system. His failure to reveal the information apparently was inadvertent and understandable. Even if the juror was guilty of misconduct, which raised a presumption of prejudice, such prejudice was rebutted in this case. (*In re Hitchings* (1993) 6 Cal.4th 97, 119 ["This presumption . . . ' "may be rebutted by an affirmative evidentiary showing that prejudice does not exist or by a reviewing court's examination of the entire record to determine whether there is a reasonable probability of actual harm to the complaining party [resulting from the misconduct]." ' "].) The trial court concluded there was no actual harm in this case. We see no basis to question such a finding. Defendant did not share his experiences with the other jurors. He stated in his declaration that he had no bias against defendant, which in all events was not a likely consequence of the prior proceedings against him.

We find no error in the court's denial of defendant's *Batson*/*Wheeler* motion. It is defendant's burden to make as complete a record as possible when attempting to establish a prima facie case in support of her *Batson/Wheeler* motion. (*People v. Farnam* (2002) 28 Cal.4th 107, 135; *People v. Morris* (2003) 107 Cal.App.4th 402, 409.) Defendant failed to make such a record in this case, and the limited record before us fails to give rise to an inference of discrimination. The record establishes only that defendant is African-American and that the two excused jurors were part of a minority group, possibly African-American. The record also establishes, albeit ambiguously, that there were "still African-Americans remaining" either in the venire or on the jury panel when the motion was made. In addition, the explanations given for excusing each of the jurors were both reasonable and race neutral. The first potential juror was excused because she was a "social services program assistant" and the prosecutor believed she would be

"sympathetic towards other people." The second was excused because he believed his uncle had been "wrongly accused of [a] crime or mistreated by the criminal justice system."

The court did not err in denying defendant's motion to suppress. The evidence was seized following her lawful detention and arrest.

Defendant was adequately represented by trial throughout the proceedings and the sentence imposed was in all respects lawful.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**Disposition**

The judgment is affirmed.

_____
Pollak, Acting P.J.


We concur:


_____
Siggins, J.

_____
Jenkins, J.